**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Tuvia Korobkin (SBN 268066)
tkorobkin@haineslawgroup.com
Daniel B. Marin-Finn (SBN 316728)
dfinn@haineslawgroup.com
222 N. Sepulveda Blvd., Suite 1550
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Sahag Majarian II (State Bar No. 146621)
**LAW OFFICE OF SAHAG MAJARIAN, II**
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892

Attorneys for Plaintiff



BY FAX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| FERNANDO RODARTE SALAS, as an individual, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ALSCO, INC., dba STEINER CORPORATION, a Nevada company; and DOES 1 through 100, <br> Defendants. | Case No.: _____ <br><br> **CLASS ACTION COMPLAINT:** <br><br> (1) **FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, 1198);** <br><br> (2) **FAILURE TO PAY ALL MINIMUM WAGES OWED (LABOR CODE §§ 1194, 1194.2, 1197);** <br><br> (3) **MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512);** <br><br> (4) **REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516);** <br><br> (5) **FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS (LABOR CODE § 226 et seq.); AND** <br><br> (6) **WAITING TIME PENALTIES (LABOR CODE §§ 201-203)** <br><br> (7) **UNFAIR COMPETITION (BUS & PROF CODE § 17200 et seq.)** <br><br> **DEMAND FOR JURY TRIAL** <br> **UNLIMITED CIVIL CASE** |

1

CLASS ACTION COMPLAINT

# EXHIBIT B

Plaintiff Fernando Rodarte Salas ("Plaintiff"), on behalf of himself and all others similarly situated, hereby brings this Class Action Complaint ("Complaint") against Defendant ALSCO, Inc., dba Steiner Corporation, a Nevada corporation, and DOES 1 to 100, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1. Plaintiff, on behalf of himself and all others similarly situated, hereby brings this Complaint for recovery of unpaid wages and penalties under California Business & Professions Code § 17200 *et. seq.*, Labor Code §§ 201-204, 226, 226.7, 510, 512, 516, 558, 1194, 1194.2, 1197, 1198, and Industrial Welfare Commission Wage Order No. 6 ("Wage Order 6"), in addition to seeking injunctive relief, declaratory relief, and restitution.

2. This Complaint is brought pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

3. This Court has jurisdiction over Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves to the California market so as to render the exercise of jurisdiction over them by the California courts consistent with the traditional notions of fair play and substantial justice.

## VENUE

4. Venue as to each Defendant is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and omissions complained of hereon occurred in the County of Sacramento. Defendants own, maintain offices, transact business, have agent(s) within the County of Sacramento, and/or otherwise are found within the County of Sacramento, and Defendants are within the jurisdiction of this Court for purposes of service of process.

## PARTIES

5. Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident. During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable

to each cause of action pled herein, Plaintiff was employed by Defendants. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed by Labor Code §§ 201-204, 226, 226.7, 510, 512, 516, 558, 1194, 1194.2, 1197, 1198; California Business and Professions Code § 17200 et seq.; and Wage Order 6, which sets employment standards for laundry, linen supply, dry cleaning and dyeing industry.

6. Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business by being a company that specializes in providing professional textile rental and laundering services. Defendants employed Plaintiff in Sacramento County and the state of California and, therefore, were (and are) doing business in Sacramento County and the State of California.

7. The true names, identities and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 100 are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names pursuant to California Code of Civil Procedure § 474. Upon ascertaining the true and correct names, titles, capacities and/or identities of the defendants designated herein as a Doe, Plaintiff will amend this Complaint accordingly.

8. Plaintiff is informed and believes, and thereon alleges, that all of the Defendants herein, however designated, whether by real or fictitious name, were and are in some manner responsible for the events, happenings, occurrences and instrumentalities upon and about which complaint is hereinafter made.

9. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein, whether designated by real or fictitious names, are, and at all times relevant hereto, were, the agent, servant, employee and hireling of each of the co-Defendants and in doing the things and acts herein alleged and complained of or in failing to do that which they should have done, were acting within the course and scope of such employment, agency and hiring with the full knowledge, consent, approval and ratification of each of the other co-Defendants.

10. At all times mentioned herein, Defendants, and each of them, were members of

and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff.

## GENERAL FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendants as a non-exempt employee from approximately September 2007 to approximately September 3, 2019 at Defendants' Sacramento facility.

12. During his employment with Defendants, Plaintiff recorded his hours worked through Defendants' electronic timekeeping system. During the relevant time period, Defendants utilized a timekeeping system which resulted in Plaintiff not being compensated for all hours actually worked, by time-shaving or rounding, such that Plaintiff was typically only paid in full hour or thirty (30) minute increments at a minimum. Defendants regularly, systematically, and impermissibly rounded the time worked by Plaintiff and other non-exempt employees in Defendants' favor, such that the time shaving/rounding practice utilized by Defendants was not even-handed over time and would round and shave in Defendants' favor such that Plaintiff was routinely underpaid for his time worked. Due to Defendants' timekeeping policies and practices that fail to compensate for all hours worked, Plaintiff and other non-exempt employees were deprived of all required minimum wages and overtime wages. Further, on occasions when Plaintiff worked over eight hours in a day and/or forty hours in a workweek, this process of time-shaving or rounding also deprived him of all overtime wages owed. Although Plaintiff was in a union, he only seeks to pursue an unpaid overtime claim for himself and other employees for workweeks that they were earning less than 130% of the then-applicable minimum wage. Based on the foregoing, Plaintiff and other non-exempt employees were not compensated for all required minimum and overtime wages.

13. Plaintiff was not provided by Defendants with legally compliant meal periods. Specifically, Plaintiff's and other non-exempt employees' meal periods are regularly cut short by approximately five (5) minutes because a warning bell rings to tell employees to return to work on or about twenty-five (25) minutes into their meal periods. Further, when Plaintiff worked shifts

in excess of 10.0 hours, Defendants did not provide a second duty-free 30-minute meal period. On occasions when Plaintiff did not receive all legally compliant meal periods, Defendants did not pay the meal period premium wages required by Labor Code § 226.7. Upon information and belief, during at least a portion of the relevant time period, Defendants did not maintain any pay code for the payment of meal period premiums when they failed to provide Plaintiff and other non-exempt employees with legally compliant meal periods.

14. Throughout Plaintiff's employment with Defendants, Plaintiff and other non-exempt employees were not authorized and permitted to take all required rest periods due to Defendants' rest period policies/practices. Defendants' rest period policies/practices fail to authorize and permit all rest periods for every four hours worked, or major fraction thereof. Similar to meal periods, Plaintiff's and other non-exempt employees' rest periods are regularly cut short by approximately five (5) minutes because a warning bell rings to tell employees to return to work on or about five (5) minutes into their rest periods. Plaintiff was not authorized or permitted to take all required duty-free rest periods when they worked 3.5 hours or more on a shift, in violation of California law. Further, on those occasions when Plaintiff was not authorized and permitted to take all legally-compliant rest periods to which they were entitled, Defendants failed to compensate Plaintiffs with the required rest period premium for each workday in which they experienced a rest period violation as mandated by Labor Code § 226.7.

15. As a result of Defendants' failure to pay all overtime and minimum wages, and meal and rest period premium wages, the wage statements issued to Plaintiff were facially deficient. Further, the wage statements did not include all applicable hourly rates in effect during the pay period along with the corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226(a). By way of example, the wage statements issued to Plaintiff and other non-exempt employees fail to list the applicable rates of pay for the following forms of pay, which is not-exhaustive: "OT Base," "Overtime Premium," and "Shift .20"

16. As a result of Defendants' failure to pay all overtime and minimum wages, Defendants failed to pay all wages to Plaintiff and other formerly-employed non-exempt employees at the separation of their employment.

## CLASS ACTION ALLEGATIONS

17. **Class Definitions:** Plaintiff brings this action on behalf of himself and the following Classes pursuant to § 382 of the Code of Civil Procedure:

   a. The <u>Overtime Class</u> consists of all of Defendants' current and former non-exempt employees in California who: (i) were paid an hourly rate of pay that was less than 130% of the then-applicable California minimum wage; (ii) worked in excess of 8 hours in a work day and/or in excess of 40 hours in a work week during the time they were paid an hourly rate of pay that was less than 130% of the then-applicable California minimum wage; and (iii) were subject to Defendants' timekeeping system and/or practices, during the four years preceding the filing of the Complaint through the present

   b. The <u>Minimum Wage Class</u> consists of all of Defendants' current and former non-exempt employees in California who were subject to Defendants' timekeeping system and/or practices during the four years preceding the filing of the Complaint through the present.

   c. The <u>Meal Period Class</u> consists of all of Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 5.0 hours and/or worked at least one shift in excess of 10.0 hours, during the four years immediately preceding the filing of the Complaint through the present.

   d. The <u>Rest Period Class</u> consists of all of Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 3.5 hours, during the four years immediately preceding the filing of the Complaint through the present.

   e. The <u>Wage Statement Class</u> consists of: (i) the members of the Overtime Class, Minimum Wage Class, Meal Period Class and/or Rest Period Class; and/or (ii) all of Defendants' non-exempt employees who have received a wage statement, during the one year immediately preceding the filing of this lawsuit through the present.

///

f. The <u>Waiting Time Class</u> consists of all members of the Overtime Class, Minimum Wage Class who no longer perform work for Defendants and who last worked for Defendants in the three years immediately preceding the filing of this lawsuit.

18. **Numerosity/Ascertainability:** The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiff at this time; however, it is estimated that the Class Members number greater than one hundred (100) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' records.

19. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

   i. Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§ 510 and 1194, by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

   ii. Whether Plaintiff and members of the Minimum Wage Class were compensated for all hours actually worked;

   iii. Whether Defendants' meal period policy, or lack thereof, has deprived Class members of all meal periods to which they have been entitled as a matter of law;

   iv. Whether Defendants' rest period policy, or lack thereof, has deprived Class members of all rest periods to which they have been entitled as a matter of law;

   v. Whether Defendants provided meal or rest period premium payments for non-compliant meal and/or rest periods;

   vi. Whether Defendants issued accurate itemized wage statements to Wage Statement Class members pursuant to Labor Code § 226.

   vii. Whether Defendants' policies and/or practices for the timing and amount of payment of final wages to members of the Waiting Time Class at the time of their separation of employment were lawful.

20. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as their failure to pay overtime wages, failure to pay minimum wages, failure to implement a lawful meal and/or rest period policy, failure to provide accurate itemized wage statements and failure to pay all final wages. As such, these common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

21. **Typicality:** The claims of Plaintiff are typical of the claims of the Classes because Defendants employed Plaintiff in California as a non-exempt employee. As alleged herein, Plaintiff, like the members of the Classes, was deprived of all overtime wages for all hours worked, deprived of minimum wages for hours actually worked, was not provided with all meal and rest periods, failed to receive premium pay for meal and rest period violations, was not furnished with accurate itemized wage statements, and did not receive all earned final wages.

22. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the classes.

23. **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee was required to file an

individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY ALL OVERTIME WAGES
## (AGAINST ALL DEFENDANTS)

24. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

25. This cause of action is brought pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

26. At all times relevant herein, Defendants are required to properly compensate non-exempt employees, including Plaintiff, for all overtime hours worked pursuant to California Labor Code § 1194 and Wage Order 6. Wage Order 6, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per work day and/or in excess of 40 hours of work in the workweek. Wage Order 6, § 3 also

requires an employer to pay an employee double the employee's regular rate of pay for work in excess of 12 hours each work day and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek. Defendants caused Plaintiff to work overtime hours, but did not compensate Plaintiff at one and one-half times his regular rate of pay for such hours.

27. The foregoing policies and practices are unlawful and create entitlement to recovery by Plaintiff in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, attorneys' fees, and costs of suit according to California Labor Code §§ 204, 510, 558, 1194, and 1198, and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION
## MINIMUM WAGE VIOLATIONS
## (AGAINST ALL DEFENDANTS)

28. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

29. This cause of action is brought pursuant to Labor Code §§ 204, 558, 1194, 1197 and 1198 which provide that all non-exempt employees are entitled to all minimum wages for all hours worked, and provide a private right of action for the failure to pay all minimum wage compensation for all work performed.

30. At all relevant times, Defendants were required to compensate Plaintiff and the Minimum Wage Class members for all hours worked pursuant to California Labor Code §§ 1194, 1197 and 1198, and Wage Order 6. Wage Order 6, Section 4 requires an employer to pay to every employee on the established payday for the period involved not less than the applicable minimum wage for all hours worked in the payroll period. Defendants caused Plaintiff and Minimum Wage Class members to work hours in a workweek but did not properly compensate Plaintiff and the Minimum Wage Class members at least minimum wages for such hours.

31. At all times relevant herein, Defendants lacked good faith and had no reasonable grounds for believing that their practices in failing to pay all minimum wages owed at the applicable rate was not a violation of any provision of the Labor Code relating to minimum wage, or an order of the Industrial Welfare Commission. Defendants, in addition to owing minimum wages to Plaintiff and the members of the Minimum Wage Class, also owe liquidated damages in

an amount equal to the wages unlawfully unpaid, and interest thereon, pursuant to Labor Code § 1194.2.

32. The foregoing practices and policies are unlawful and create entitlement to recovery by Plaintiff and the Minimum Wage Class members in a civil action for the unpaid amount of minimum wages owing, including interest thereon, as well as statutory penalties, liquidated damages, civil penalties, and attorneys' fees and costs of suit, pursuant to Labor Code §§ 204, 558, 1194, 1194.2, 1197, and 1198, Wage Order 6, California Code of Civil Procedure § 1021.5, and Civil Code §§ 3287(b) and 3289.

## THIRD CAUSE OF ACTION

## MEAL PERIOD VIOLATIONS

## (AGAINST ALL DEFENDANTS)

33. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide Plaintiff with all legally-compliant meal periods in accordance with the mandates of the California Labor Code and Wage Order 6, § 11. Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiff at his respective regular rate of pay, in accordance with California Labor Code §§ 226.7, and 512.

35. As a result, Defendants are responsible for paying premium compensation for meal period violations including interest thereon, as well as statutory penalties, civil penalties, and costs of suit, pursuant to Labor Code §§ 226.7, 512, and 558, Wage Order 6, and Civil Code §§ 3287(b) and 3289.

## FOURTH CAUSE OF ACTION

## REST PERIOD VIOLATIONS

## (AGAINST ALL DEFENDANTS)

36. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

37. Wage Order 6, § 12 and California Labor Code §§ 226.7 and 516 establish the right of employees to be authorized and permitted to take a paid rest period of at least ten (10) minutes net rest time for each four (4) hour period worked, or major fraction thereof. This also

includes a third rest period for shifts in excess of 10.0 hours.

38. As alleged herein, Plaintiff was not authorized to take all required rest periods as a non-exempt employee.

39. The foregoing violations create an entitlement to recovery by Plaintiff in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, as well as statutory penalties, civil penalties, and costs of suit according to California Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

## FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS
## (AGAINST ALL DEFENDANTS)

40. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

41. Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform practice and policy, failed to furnish Plaintiff with accurate, itemized wage statements that included, among other requirements, all applicable hourly rates in effect during the pay period along with the corresponding number of hours worked at each hourly rate, in violation of Labor Code §226(a).

42. Defendants' failure to furnish Plaintiff with complete and accurate, itemized wage statements resulted in actual injury, as said failures deprived him of the information necessary to identify discrepancies in Defendants' reported data.

43. Defendants' failures create an entitlement to Plaintiff in a civil action for damages and/or penalties pursuant to Labor Code § 226, including statutory penalties civil penalties, reasonable attorneys' fees, and costs according to suit pursuant to Labor Code § 226 et seq.

## SIXTH CAUSE OF ACTION
## WAITING TIME PENALTIES
## (AGAINST ALL DEFENDANTS)

44. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

45. This cause of action is brought pursuant to Cal. Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of separation of employment in the

event the employer discharges the employee or the employee provides at least 72 hours of notice of their intent to quit. In the event the employee provides less than 72 hours of notice of their intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

46. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to timely pay Plaintiff and members of the Waiting Time Class all final wages due to them at their separation from employment, including unpaid overtime and minimum wages as well as unpaid meal and rest period premium wages.

47. Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay Plaintiff and members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Cal. Labor Code §§ 201-203.

48. Defendants' failure to pay all final wages was willful within the meaning of Cal. Labor Code § 203. Defendants' willful failure to timely pay Plaintiff and the members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of daily wages up to thirty days from the time the wages were due.

49. Plaintiff and members of the Waiting Time Class are entitled to compensation pursuant to Cal. Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION

## (AGAINST ALL DEFENDANTS)

50. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

51. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 et seq., by failing to provide all required overtime wages for overtime hours worked, failing to provide all required minimum wages for regular hours worked, failing to authorize and permit all required meal periods, failing to authorize and permit all required rest periods, failing to pay meal and rest period premium wages, failing to furnish accurate, itemized wage statements and failing

to pay all final wages.

52. Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff of compensation to which he is legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

53. Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

54. The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

55. Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests, to obtain restitution, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. Upon the First Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

2. Upon the Second Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 558, 1194, 1197, 1197.1 and 1198;

3. Upon the Third Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;

4. Upon the Fourth Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

5. Upon the Fifth Cause of Action, for statutory wage statement penalties pursuant

1 | to Labor Code § 226;

2 |     6.    Upon the Sixth Cause of Action, for statutory waiting time penalties pursuant to Labor Code § 203;

    7.    Upon the Seventh Cause of Action, for restitution to Plaintiff of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

    8.    Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

    9.    On all causes of action, for attorneys' fees and costs as provided by Code of Civil Procedure § 1021.5 and all other applicable statutes; and

    10.    For such other and further relief the Court may deem just and proper.

Dated: October 15, 2019

Respectfully submitted,
HAINES LAW GROUP, APC

By: /s/ Paul K. Haines

Paul K. Haines
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: October 15, 2019

Respectfully submitted,
HAINES LAW GROUP, APC

By: /s/ Paul K. Haines

Paul K. Haines
Attorneys for Plaintiff